**UNITED STATES of America**

v.

**Irving SIMMS.**

No. 1131–58.

United States District Court
District of Columbia.

Jan. 30, 1959.

Arthur J. McLaughlin, Asst. U. S. Atty., for the United States.

John E. Kennahan, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on to be heard on defendant's motion to suppress evidence seized from his person. The Court heard testimony and considered defendant's memorandum in support of the motion.

### Findings of Fact.

1. On November 6, 1958, at approximately 3:10 P.M., the defendant was arrested by a member of the Metropolitan Police Department. No arrest warrant for the defendant had been issued. The arrest took place on the street.

2. Immediately before the arrest, police officers had under surveillance George and John Hamilton, known by the police to be narcotics peddlers. This knowledge was based on a tip from an informer that the police considered reliable and from the fact that police spies had purchased narcotics on previous occasions from the Hamiltons. While observing these two men, the police saw the defendant surreptitiously take a small brown envelope from George Hamilton and then begin to walk away.

3. The police officers justifiably concluded that the arrest of the defendant had to take place immediately, if at all.

4. The defendant was known to the police, by reputation, as a narcotics addict.

5. Upon arrest, the police searched the defendant and found on his person a brown envelope containing narcotics.

### Conclusions of Law.

1. The arresting officer had reasonable cause to believe that a felony was being committed in his presence and the arrest was therefore lawful. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; D.C.Code §§ 4–140, 4–141; United States v. Kancso, 2 Cir., 1958, 252 F.2d 220; Mills v. United States, 1952, 90 U.S.App.D.C. 365, 196 F.2d 600.

2. The person of one lawfully arrested may be searched and anything found may be used against him. Draper v. United States, supra; United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

3. The case of United States v. Castle, D.C.D.C.1955, 138 F.Supp. 436, upon which the defendant relies, is clearly distinguishable on the facts. For example, in Castle, the tip relied upon was uninvestigated and the police officers did not personally observe Castle committing any acts giving rise to reasonable cause to believe that he was committing a crime.

An order denying the motion has been rendered.